IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT COURT OF OKLAHOMA

| | | |
|---|---|---|
| (1) MELISSA ANNA ESTES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 14-cv-00065-JED-TLW |
| (2) LOVE, BEAL & NIXON, P.C. | ) ) ) | |
| Defendant. | ) | |

## **COMPLAINT**

**COMES NOW** the Plaintiff, Melissa Anna Estes ("Estes") and for her complaint against Defendant Love Beal & Nixon, P.C. ("LBN") alleges and states as follows:

1. Plaintiff is a natural person residing in Owasso, Oklahoma, and is a "consumer" within the meaning of Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692a(3).

2. Defendant is an Oklahoma professional corporation engaged in the business of debt collection in this state. The principal business of LBN is the collection of debts using the mails and telephone, and LBN regularly attempts to collect debts alleged to be due another. LBN is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6).

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 18 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

5. Venue is also proper in this judicial district pursuant to 15 U.S.C § 1692k(d), in that the Defendants transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

6. At some point prior to March 26, 2008, an individual named Melissa Estes who resided

in Coweta, Oklahoma, defaulted on a credit card issued by HSBC.

7. Plaintiff Melissa Anna Estes is not the individual who defaulted on this account.

8. An agreed judgment was reached between LBN and Melissa Estes in Wagoner County case number CS-2008-408 ("the '08 action").

9. On or about December 1, 2011, an individual named Melissa D. Estes defaulted on a Capital One Bank credit card.

10. Plaintiff Melissa Anna Estes is not the person who defaulted on this account.

11. On or about May 30, 2012, the District Court of Wagoner County State of Oklahoma entered a default judgment against Melissa D. Estes in case number CS-2011-854 ("the '11 action").

12. LBN knew or should have known that Plaintiff Melissa Anna Estes is not the judgment debtor Melissa D. Estes.

13. LBN knew or should have known that its judgment debtor in the '08 action and in the '11 action was one and the same person.

14. On or about October 17, 2011, LBN was notified that the defendant in the Wagoner County cases was receiving protected funds through Social Security.

15. On or about September 2013, LBN began issuing continuing earnings garnishments on numerous persons sharing the name Melissa Estes without a proper determination that the Melissa Estes whose wages were being garnished upon was the judgment debtor in the '08 action and/or the '11 action in Wagoner County.

16. LBN attempted to garnish the wages of a Melissa Estes employed by the Edmond Public Schools and attempted to garnish the wages of Melissa A. Estes at Best Buy.

17. On or about December 13, 2013, LBN filed a continuing post-judgment earnings

garnishment in the '11 action and served it on Plaintiff's employer Best Buy despite knowing or that it should have known that Melissa Anna Estes was not the judgment debtor.

18. On or about December 16, 2013, LBN filed a continuing post-judgment earnings garnishment in the '08 action and served it on Plaintiff's employer Best Buy despite knowing or that it should have known that Melissa Anna Estes was not the judgment debtor.

19. Upon information and belief, LBN garnished Plaintiff's wages despite knowing or with reason to know that Plaintiff's name, address, and social security number were different from the judgment debtor.

20. On or about December 23, 2013, Best Buy answered the garnishment in the '11 action by stating "not employed unable to locate."

21. LBN did not withdraw the garnishment summons for either the '08 action or the '11 action despite this information.

22. On or about December 26, 2013, Best Buy again answered the garnishment summons for that pay period as required by the continuing garnishment.

23. For this pay period, Best Buy answered that Melissa Estes was employed and owed wages or earnings.

24. On or about January 2, 2014, Plaintiff received notice of garnishment against her wages for the judgment debtor Melissa D. Estes for the '11 action.

25. Plaintiff promptly called LBN and spoke with "Rebecca" who asked for her social security number and name. Rebecca then informed Ms. Estes that her employer, Best Buy, had entered an Answer to the garnishment stating that Ms. Estes was not the debtor.

3

Rebecca then stated that Ms. Estes had nothing to worry about.

26. Ms. Estes believed and relied on these statements.

27. Upon information and belief, LBN did nothing to withdraw the continuing earnings garnishments from either the '08 action or the '11 action that it served upon Plaintiff's employer even though it had actual knowledge that it had issued a wrongful garnishment.

28. On or about January 6, 2014, Best Buy answered the garnishment in the '08 action by stating "not employed unable to locate."

29. On January 9, 2014, Estes examined her payroll online and noticed an additional garnishment for $560.00 deducted from her pay.

30. This sum was 25% of Estes income that was withheld from the wrong person because of LBN's garnishment.

31. Plaintiff immediately contacted her employer and was transferred to ADP who handles payroll for her employer. ADP stated that it needed a retraction letter from Defendant otherwise garnishment would continue up to $6,705.99.

32. Plaintiff again contacted LBN and asked to speak with Rebecca. Rebecca was unavailable so her call was transferred to Jennifer instead. Jennifer was rude and yelled at Plaintiff stating Plaintiff needed to call ADP and figure it out and that it was not LBN'S problem.

33. Plaintiff contacted ADP as instructed, and ADP stated that she needed to find out what LBN required in order to stop the garnishment.

34. In this phone call with ADP, Plaintiff discussed her Social Security number and that it is different than the judgment debtor's. At this point she also learned that there were garnishments from two separate cases.

35. LBN never disclosed that it was attempting to garnish Plaintiff's wages for more than one judgment.

36. Jennifer from LBN called Plaintiff and informed her that it had taken care of everything.

37. On or about January 10, 2014, Best Buy again answered the garnishment in the '08 action by stating "not employed."

38. On Monday, January 13, 2014, Plaintiff again called ADP to determine if the garnishment had been withdrawn. ADP informed her that it still had not received anything from LBN.

39. To date, LBN has not filed or provided a withdrawal of the garnishments.

40. LBN continued to insist in phone calls with Plaintiff that it needed a letter from Best Buy before it would withdraw the wrongful garnishments of her wages.

41. LBN misrepresented the legal status of the debt and/or debts in relation to the Plaintiff as she had no liability for the debts and was not the judgment debtor.

42. LBN exerted and exercised dominion and control over Plaintiff's wages and denied her the free and unfettered use of her money.

43. As a result of Defendant's actions or inactions, Plaintiff has suffered actual damages including:

    a. Lost time;

    b. Embarrassment and humiliation;

    c. Aggravation and frustration;

    d. Emotional upset and distress.

### First Claim for Relief:  Violations of the FDCPA

44. Defendant's actions violate the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(10), 1692e(14), 1692f and 1692f(1).

45. Plaintiff is entitled to recover statutory damages, actual damages, and reasonable attorney fees and costs against Defendants.

### Second Claim for Relief:  Malicious Use of Civil Process

46. Despite Plaintiff never owing the debt, never having a contract with the creditor in the collection action, and never being identified by the creditor as owing the obligation, Defendant used court process, based upon reliance on inherently unreliable commercial data, to add Plaintiff to an existing judgment in a lawsuit to which she was not a party and of which she had received no notice, and without a reasonable belief that Plaintiff was the same person as the judgment debtor and to garnish Plaintiff's funds to execute on this judgment, while knowing or with reason to know that Plaintiff was not the debtor, was the institution of a civil proceeding against Ms. Estes without probable cause.

47. Defendant instituted the garnishment action without probable cause and therefore with malice.

48. As a result of Defendant's malicious abuse of civil process, Plaintiff has been damaged and suffered injury or loss including depriving her of her right to use and enjoy these funds.

49. An award of punitive damages is appropriate to deter future similar conduct by the Defendant.

### Request for Jury

50. Plaintiff requests a jury trial for all issues triable by jury.

**Prayer for Relief**

51. Plaintiff requests that this Court:

    a. Award statutory and actual damages for violations for the FDCPA against Love Beal and Nixon, P. C.;

    b. Award actual, special and punitive damages for malicious use of civil process against Love Beal and Nixon, P. C.;

    c. Award reasonable attorney's fees where allowed by appropriate statute;

    d. Award reasonable fees and costs; and,

    e. Award such other relief as the Court deems just and proper.

Respectfully submitted,

**HUMPHREYS WALLACE HUMPHREYS, P.C.**

By: _/s/ Paul Mario Catalano_____
Robert David Humphreys, OBA #12346
Lucius James Wallace, OBA # 16070
Paul Mario Catalano, OBA# 22097
9202 South Toledo Avenue
Tulsa, Oklahoma 74137
(918) 747-5300/ (918) 747-5311 facsimile
**ATTORNEYS FOR PLAINTIFF**

**PLAINTIFF DEMANDS A JURY TRIAL**
**ATTORNEY'S LIEN CLAIMED**