IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT COURT OF OKLAHOMA

(1) MELISSA ANNA ESTES,

Plaintiff,

v. Case No. 14-cv-00065-JED-TLW

(2) LOVE, BEAL & NIXON, P.C.

Defendant.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT**

HUMPHREYS WALLACE HUMPHREYS, P.C.
Robert David Humphreys, OBA #12346
Lucius James Wallace, OBA # 16070
Paul Catalano, OBA # 22097
9202 South Toledo Avenue
Tulsa, Oklahoma 74137
(918) 747-5300/ (918) 747-5311 facsimile
**ATTORNEYS FOR PLAINTIFF**

**TABLE OF CONTENTS**

I. Introduction........................................................................................................1

II. Plaintiff's Facts That Prevent Summary Judgment ..........................................................3

III. Plaintiff's Response To Defendant's Undisputed Facts ....................................................6

IV. Argument And Authorities ............................................................................................12

A. Standard……………………………………………………………………….12

B. Defendant is not Entitled to Summary Judgment on Plaintiff's Claim for Violation of the FDCPA……………………………………………………….12

1. Plaintiff and/or the Judgment Debtor are Consumers………………………13

2. Wronged by a Debt Collector……………………………………………….15

3. The Underlying Credit Was "Debt" Under the FDCPA……………………16

4. LBN Violated the FDCPA…………………………………………………..18

a. Violation of 15 U.S.C. § 1692d……………………………………….18
b. Violation of 15 U.S.C. § 1692e……………………………………….19
c. Violation of 15 U.S.C. § 1692f………………………………………..22

5. LBN Has Not Pled or Proven a Defense of Bona Fide Error……………….22

V. Conclusion….. ....................................................................................................24

**TABLE OF AUTHORITIES**

**Federal Cases**

*Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 394 (D. Del. 1991).........................18

*Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2nd Cir. 1993). .....................12

*Bodur v. Palisades Collection, LLC* , 829 F.Supp.2d 246, 256 -258 (S.D.N.Y. 2011).....18

*Christy v. EOS CCA*, 905 F.Supp.2d 648, 654-55 (E.D. Penn. 2012)........................18, 20

*Corson v. Accounts Receivable Mgmt., Inc.*, 2013 WL 4047577 (D.N.J. 2013)..............16

*Donohue v. Quick Collect, Inc.*, 592 F.3d 1027 (9th Cir. 2010).......................................21

*Dunaway v. JBC*, 2005 WL 1529574 (E.D. CT 2005)…………………………………24

*Freeman v. ABC Legal Services, Inc*, 827 F.Supp.2d 1065, 1076 (N.D. Cal. 2011)...19, 21

*FTC v. Loanpointe, LLC*, 525 Fed.Appx. 696 (10th Cir. 2013).......................................21

*FTC v. Loanpointe, LLC*, 2011 WL 4348304 (D. Utah 2011).........................................21

*Hawkins v. Schwan's Home Service, Inc.* 2015 WL 690397 (10th Cir. 2015) (citations omitted).........................................................................................12

*Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330 (6th Cir. 2006)..........................19

*Heard v. Bonneville Billing and Collections*, 216 F.3d 1087 (Table) (10th Cir. 2000).....23

*Huy Thanh Vo v. Nelson & Kennard*, 931 F.Supp.2d 1080, 1094 (E.D. California 2013). ..........................................................................................19

*Jerman v. Carlisle, McNellie, Rini, Kramer, & Ulrich, LPA.*, 538 F.3d 469, 476 (6th Cir. 2008)...........................................................................................23

*Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1178 (11th Cir.1985)................................14

*Kerwin v. Remittance Assistance Corp.* 559 F.Supp.2d 1117, 1123 (D.Nev. 2008).........13

*Kimmel v. Cavalry Portfolio Services, LLC* 2011 WL 3204841, 3 (E.D.Pa 2011)..........17

*Lee v. Cohen, McNeile & Pappas, P.C.*, 520 Fed. Appx. 649 (10th Cir. 2013)...............17

*Lee v. Javitch, Block & Rathbone, LLP*, 601 F.3d 654, 658-9 (6th Cir. 2010).................21

*Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1187 (10th Cir. 2013)...............24

*Maynard v. Cannon*, 401 Fed.Appx. 389, 393, (10th Cir. 2010)......................................13

*McGown v. Silverman & Borenstein, PLLC*, 2014 WL 459793 (D. Del. 2014)...............18

*Meadows v. Franklin Collection Service, Inc.* 414 Fed.Appx. 230, 233 (11th Cir. 2011).................. ...........................................................................................14

*Montgomery v. Huntington Bank*, 346 F.3d 693, 697 (6th Cir. 2003)...............................14

*Morgan v. N.A.R., Inc.*, No. 2:06-CV-470TS, 2008 WL 639128 (D. Utah 2008).............15

*O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938 (7th Cir. 2011)....................22

*Rawlinson v. Law Office of William M. Rudow, LLC*, 460 Fed.Appx. 254, 257-258 (Fourth Cir. 2012)..........................................................................................14

*Schools v. PMAB, LLC*, 2014 WL 6460613 (D. Md. 2014) .............................................18

*Thomas v. Law Firm of Simpson & Cybak* 244 Fed.Appx. 741, 743 (7th Cir. 2007)…..15

*Todd v. Collecto, Inc.*, 731 F.3d 734 (7th Cir. 2013).......................................................22

*Worch v. Wolpoff & Abramson, L.L.P.*, 477 F.Supp. 2d 1015 (E.D. Mo. 2007)...............24

**Statutes**

12 O.S. § 1172..........................................................................................19, 21

15 U.S.C. § 1692d..........................................................................14, 19, 20

15 U.S.C. § 1692e..........................................................14, 17, 19, 20, 21

15 U.S.C. § 1692f.....................................................................14, 15, 19, 22

15 U.S.C. § 1692k.........................................................13, 14, 16, 21, 23

**Other**

Fed. R. Evid. 1001 .............................................................................. 7, 8

Fed. R. Evid. 1002 .............................................................................. 7, 8

Fed. R. Evid. 1003 ..............................................................................7, 8

The Plaintiff hereby responds a to Defendant's Motion for Summary Judgment and Supplemental Motion for Summary Judgment.

**I. INTRODUCTION**

This case represents an example of widespread robo-signing by credit card debt collectors, similar to the actions that led to the OCC crackdown on mortgage lenders. Despite LBN's effort to complicate matters with a combined 44 page brief, the simple issue before the court is whether the FDCPA is violated when a debt collection law firm represents a verified belief in a garnishment relying not on attorney judgment but a non-attorney's internet search that ignores conflicting information to issue serial wage garnishments across Oklahoma against all persons that have jobs and the same or similar names to the judgment debtor.

Defendant Love Beal and Nixon, P.C. ("LBN") is an admitted "debt collector" under the FDCPA. LBN acquired a judgment in Wagoner County against Melissa Estes on May 22, 2008. LBN acquired a second judgment in Wagoner County against Melissa A. Estes on May 23, 2011. In April 2008, LBN established a payment agreement with the thirty-eight year-old judgment debtor while knowing she was on social security. Melissa Estes made payments under the plan until June 2011. In October 2011, LBN issued a bank garnishment and was told that the funds were exempt social security payments. LBN unsuccessfully attempted another bank garnishment in July 2012. After a year of unsuccessful "POE" searches, in August of 2013, LBN found two Melissa Estes in Edmond Oklahoma and Tulsa, Oklahoma who worked for a school district and Best Buy. LBN issued garnishments to both. These garnishments were served based on the possibility that the true debtor worked there. This placed the burden and cost of determining if it was the judgment debtor on the garnishee and its employees. LBN was told in December of 2013 that Plaintiff was not the judgment debtor in the garnishee's answer and was told this again

in January 3, 2014 in a call with the Plaintiff but allowed the garnishment to remain until after funds were withheld from the wrong person.

LBN admits that Plaintiff is not the Melissa Estes who owes any debt LBN sought to collect over the span of six years.  LBN acknowledges that the acts here were authorized by it and were conducted pursuant to its regular practices and procedure.  LBN's acts were intentional and it does not claim to have made any error.  LBN filed and served two continuing garnishments on Plaintiff's employer, Best Buy.  Per LBN policy, these affidavits were signed under oath by LBN counsel with no review or verification, although counsel stated that "I verily believe, as an attorney for the plaintiff, that Best Buy Co. of Minn., Inc. is indebted to or has property within its possession or under its control, belonging to the Judgment Debtor/ Defendant."   Plaintiff's wages were wrongfully withheld from her.  The garnishment and withholding of her wages caused humiliation at work and stress over her ability to pay her actual obligations.

Defendant seeks summary judgment on the ground that it made a "bona fide error." Yet, it is uncontested that LBN had no policy or procedure reasonably designed to prevent the harm here. In fact, its procedures worked as planned, and its intentional acts and lack of a reasonable procedure prevent consideration of the bona fide error defense.

Within its Motion and Supplement, Defendant attempts to further complicate and confuse the issues by presentation of forty-three "undisputed facts."  Most of these facts are not material to the claims or defenses of the parties or are not supported by admissible evidence.  This motion can be denied based upon the following material facts that preclude summary judgment.

## II. PLAINTIFF'S FACTS THAT PREVENT SUMMARY JUDGMENT

1. LBN admits it is a "debt collector" subject to the FDCPA that "uses the mail and telephone" in connection with debt collection. Docket 42 at ¶ 2; Docket 58 at ¶¶ 1, 2 & 5; Ex. 7, Reed Depo at 40:24-41:4 (post-deposition changes to her testimony still create a question of fact).

2. LBN was collecting a "debt" under the FDCPA and alleged in its Petition for Indebtedness on behalf of Capital One Bank USA, N.A. in the default Journal Entry of Judgment against the true debtor that "This is a communication from a debt collector. This communication is an attempt to collect a debt . . ." Ex. 1, Petition; Ex. 2, Journal Entry of Judgment.

3. LBN has admitted that it was collecting debts owed to Atlantic Credit & Finance, Inc. and Capital One Bank (USA), N.A. ("clients"). Docket 58 at ¶¶ 2 and 5.

4. LBN violated the FDCPA in collecting this debt against this Plaintiff by stating in garnishment affidavits filed in the state court actions it brought "being duly sworn. . . I verily believe, as an attorney for the plaintiff, that Best Buy Co. of Minn., Inc. is indebted to or has property within its possession or under its control, belonging to the Judgment Debtor/Defendant." Ex. 3, Garnishment Affidavits.

5. LBN admitted it did not "verily believe" that Best Buy was indebted to or in possession of the judgment debtor's property. Instead, it now states that Best Buy "was believed to be the *potential* employer" (Docket 49-1, Defendant's Exhibit 1 at ¶10) and "believed it was *possible* that the judgment debtor was employed by Best Buy" and Best Buy was "a *potential* place of employment." Docket 49-2, Defendant's Exhibit 2 at ¶¶ 4, 6. In fact, LBN's representative witness testified it

does not even know what "verily" means, but prepared, served, and filed an affidavit stating that it "verily believed." Ex. 4, 30(b)(6) Depo of James Belcher at 97:18-104:12. LBN further admitted that the non-attorney collectors, and not lawyers, determine what the attorney "verily" believes. Ex. 4, Belcher depo at 101:22-102:22.

6.     On or about January 2, 2014, Plaintiff was notified that her pay was subject to garnishment. Ex. 5, Estes depo at 34:1-35:7.

7.     Despite a false assurance from LBN that her paycheck would not be garnished, Plaintiff was "stressed out" and "antsy" while she waited to see whether or not her paycheck would be garnished because she had bills to pay. Ex. 5, Estes depo at 44:20-46:22, 52:15-53:19.

8.     On January 9, 2014, Plaintiff was able to access her paystub and, in doing so, was notified that approximately $500.00 of her $2300 paycheck was being withheld. Ex. 5, Estes depo at 46:23-47:9, 52:15-53:19.

9.     Plaintiff lived paycheck to paycheck and the threat of lost income and the actual temporary loss of income caused by LBN's false garnishment affidavit caused Plaintiff considerable emotional distress as she worried about how she would pay her bills. Ex. 5, Estes depo at 44:20-46:22, 52:15-53:19, 53:25-54:13.

10.    Plaintiff felt violated, embarrassed, that her character was being questioned, it affected her work because she was distracted by the garnishment, late to a meeting with her fellow Best Buy managers, caused her to lose sleep, it was left up to her to fight to get her money back and she worried about how she would pay her legitimate obligations. Ex. 5, Estes depo at 82:24-83:11, 88:8-22, 89:24-90:6, 100:18-103:4.

11.     LBN has no procedure for verifying that a potential employer is the actual employer of the judgment debtor and instructs the employees searching for potential employers to stop searching once the internet searches have identified potential employers. Ex. 4, Belcher depo at 27:19-23, 86:7-91:20;  Ex. 6, Miramontes depo at 50:10-51:6, 52:4-11, 59:1-10; Ex. 7, Reed Depo at 13:6-14:5, 17:2-18:19.  The attorney relies on the work of the collector and provides no independent legal judgment.  Ex. 4, Belcher depo at 30:19-31:12; 17:24-19:3.

12.     LBN instructs its employees not to use credit reports, the source it considers the most accurate repository of employment information, to save the monetary expense using them only when the internet does not identify employment for people with similar names.  Ex. 6, Miramontes depo at 46:22-50:21, 50:10-51:6.  LBN has no procedure for the attorney signing the garnishment affidavit to confirm that the employee searching for a judgment debtor's employment information has sufficient evidence to "verily believe" the judgment debtor is employed by the garnishee. Ex. 7, Reed depo at 49:18-50:11; Ex. 4, Belcher depo at 30:19-31:12; Ex. 11, Defendant's Responses to 2nd Set of Discovery Requests at Response to Interrogatory 7.

13.     LBN intended to file and serve the false garnishment affidavit and states that any error was on the part of Best Buy or ADP.  Docket 49-1, Defendant's Ex. 1 at ¶ 26.

14.     LBN did not commit any errors.  Ex. 7, Reed depo at 42:19-24.

15.      LBN has no procedures for compliance with the FDCPA when issuing wage or other garnishments or for verifying employment of its true judgment debtors.  Ex. 7, Reed depo at 31:3-32:5; 32:18-33:8

16. LBN admits that garnishments as an attempt to collect a debt falls under the FDCPA. Ex. 7, Reed depo at 33:1-8.

17. In the course of executing on its state court judgments (Docket 58 at ¶¶ 3-7), LBN was told the 38 year-old judgment debtor was collecting social security (Ex. 9, LBN 42-43, received payments and other communications from the judgment debtor from April 2008 to July 2011 (Ex.9, LBN 43-58), was denied a bank garnishment because funds were exempt as social security payments (Ex.9, LBN 60), was denied a second bank garnishment July of 2012 because the judgment debtor no longer had an account (Ex. 9, LBN 66), was unsuccessful in "POE" searches for the following year (Ex. 9, LBN 67-73), and then found and issued garnishments to the employers of two individuals who were not the debtors, including Plaintiff, based on the possibility the judgment debtor was employed by these companies and shifting the costs and burden of proof to these individuals and their employers. (Ex. 9, LBN 74-76; supra ¶¶ C-2 and E-2).

## III. PLAINTIFF'S RESPONSE TO DEFENDANT'S UNDISPUTED FACTS

1-7. Admitted.

8. Admitted. A complete list of the available sources LBN authorizes its employees to use is attached hereto as Exhibit 8, LBN 126-127.

9. Admitted except as set forth herein. Denied to the extent that the facts in ¶ 9 constitute verification of employment for the true debtor. LBN has no records of the search results. Further, according to its collection notes, its search identified two "Melissa Estes" who appeared to be current employees of Edmond Public Schools in Edmond, Oklahoma and of BestBuy in Tulsa, Oklahoma. Miramontes testified that she believed that either of these individuals ***may*** be

the judgment debtor but knew that both were not the same person. Miramontes testified that she was not familiar with Tulsa or Edmond and had no idea where Coweta (the true debtor's location throughout) was in relation to either town. Ex. 6, Miramontes depo at 54:1-18, 59:25-60:9; Ex. 9, Account Notes at LBN 97. Near simultaneous garnishments were issued to Melissa Estes in Edmond (Edmond Public Schools) and in Tulsa (Best Buy).

10. Admitted.

11. Paragraph 11 is admitted except Miramontes added both Best Buy and the Edmond Public Schools as ***potential*** employers. Defendant's actions in serving nearly simultaneous garnishments to Edmond Public Schools and then to Best Buy establish that LBN had no verified belief as to Estes' actual employer or whether either were the true debtor. Ex. 6, Miramontes depo at 52:17-23; Ex. 9, LBN 97 & 98; Ex. 10, Wagoner County Court files.

12. Plaintiff objects pursuant to the Federal Rules of Evidence 1001, 1002, 1003 to Defendant's Exhibit F to Exhibit 1 and to Exhibit B to Exhibit 5 as neither document is an original document or a full and complete copy of the document, and these documents are not admissible evidence. Plaintiff further objects to this evidence pursuant to F.R.E. 801, 802, 805 as hearsay and hearsay within hearsay that, they as incomplete documents, fail to satisfy any exception to the hearsay rule. As Defendant has failed to present admissible evidence to support the remainder of its allegations in paragraph 12, said allegations are denied. Further, the facts stated are not material facts as to whether the statement "being duly sworn. . . I verily believe, as an attorney for the plaintiff, that Best Buy Co. of Minn., Inc. is indebted to or has property within its possession or under its control, belonging to the Judgment Debtor/Defendant" was a false, deceptive or misleading representation or means in connection with the collection of a debt or otherwise violated the FDCPA.

13.     Plaintiff objects pursuant to the Federal Rules of Evidence 1001, 1002, 1003 to

Defendant's Exhibit F to Exhibit 1 and to Exhibit B to Exhibit 5 as neither document is an

original document or a full and complete copy of the document, and these documents are not

admissible evidence.  Plaintiff further objects to this evidence pursuant to F.R.E. 801, 802, 805

as hearsay and hearsay within hearsay that, they as incomplete documents, fail to satisfy any

exception to the hearsay rule.  As Defendant has failed to present admissible evidence to support

the remainder of its allegations in paragraph 12, said allegations are denied.  Further, the facts

stated are not material facts as to whether the statement "being duly sworn. . . I verily believe, as

an attorney for the plaintiff, that Best Buy Co. of Minn., Inc. is indebted to or has property within

its possession or under its control, belonging to the Judgment Debtor/Defendant" was a false,

deceptive or misleading representation or means in connection with the collection of a debt or

otherwise violated the FDCPA.

14.     Plaintiff objects pursuant to the Federal Rules of Evidence 1001, 1002, 1003 to

Defendant's Exhibit F to Exhibit 1 and to Exhibit B to Exhibit 5 as neither document is an

original document or a full and complete copy of the document, and these documents are not

admissible evidence.  Plaintiff further objects to this evidence pursuant to F.R.E. 801, 802, 805

as hearsay and hearsay within hearsay that, they as incomplete documents, fail to satisfy any

exception to the hearsay rule.  As Defendant has failed to present admissible evidence to support

the remainder of its allegations in paragraph 12, said allegations are denied.  Further, the facts

stated are not material facts as to whether the statement "being duly sworn. . . I verily believe, as

an attorney for the plaintiff, that Best Buy Co. of Minn., Inc. is indebted to or has property within

its possession or under its control, belonging to the Judgment Debtor/Defendant" was a false,

deceptive or misleading representation or means in connection with the collection of a debt or otherwise violated the FDCPA.

**Statement of Objections to paragraphs 15-43**

**Paragraphs 15-43 below contain facts that are not material to whether or not Defendant used a false, deceptive or misleading representation or means in connection with the collection of a debt in the statement "being duly sworn. . . I verily believe, as an attorney for the plaintiff, that Best Buy Co. of Minn., Inc. is indebted to or has property within its possession or under its control, belonging to the Judgment Debtor/Defendant." Paragraphs 15-43 contain no facts material to whether or not LBN committed any error, bona fide or otherwise, and are not material to LBN's violation of the Fair Debt Collection Practices Act.**

15. Subject to the above objection, Admitted.

16.-17. The conversations took place after the FDCPA violation. Subject to the above objections, Admitted.

18. Plaintiff objects to the use of testimony regarding Plaintiff's opinion as to reasonable standards or practices in the collection of consumer debt as she has no training, experience or qualifications in the field. Further, LBN's maintenance of the second continuing garnishment after LBN's receipt of direct confirmation from Plaintiff that its garnishment was wrongful is not a material supporting fact supporting its motion.

19.-25. Subject to the above objection, Admitted.

25. The Continuing Garnishee's Answer Affidavit speaks for itself.

26. Subject to her objection and the further objection that comparative fault is not a defense under the FDCPA, Admitted.

27-28.  Subject to the above objection, Admitted.

29.      Admitted that LBN shifted the burden of verification that the debt was not hers from itself to Plaintiff.

30-32.  Subject to the above objection, Admitted.

33.      For the purposes of this motion, Plaintiff admits that on January 15, 2014, she received amounts wrongfully withheld from her paycheck due to LBN's garnishment.

34.      This fact is not material to whether or not Defendant used a false, deceptive or misleading representation or means in connection with the collection of a debt in the statement "being duly sworn. . . I verily believe, as an attorney for the plaintiff, that Best Buy Co. of Minn., Inc. is indebted to or has property within its possession or under its control, belonging to the Judgment Debtor/Defendant."  This paragraph contains no facts material to whether or not LBN committed any error, bona fide or otherwise, and are not material to LBN's violation of the Fair Debt Collection Practices Act.    Instead, LBN shifted the burden of providing verification that she was not the true debtor to Plaintiff.

35-36.  Subject to the above objection, Admitted.

37.      Subject to the above objection, Admitted except to the extent correcting the public record LBN stated linking the true debtor to Plaintiff was "unnecessary."

38.      Subject to the objection, Denied.  LBN has no written policies or procedures regarding garnishments and it has not presented admissible evidence that the full social security number was provided to the garnishee. Ex. 7, Reed depo at 31:3-32:5; 32:18-33:8.

39.      Subject to the objection, admitted.

40.      Plaintiff objects to the use of testimony regarding Plaintiff's opinion as to reasonable standards or practices in the collection of consumer debt as she has no training, experience or

qualifications in the field.  Further, LBN's maintenance of the second continuing garnishment after LBN's receipt of direct confirmation from Plaintiff that its garnishment was wrongful is not a material supporting fact supporting its motion.

41-42.  Denied.  LBN admittedly filed and served a Garnishment Affidavit on Plaintiff's employer claiming a verified belief that Plaintiff was the true judgment debtor.  See, § II ¶¶ 4-5

43.      Denied.  Plaintiff's understanding of collection suits against another person or persons with similar names is not relevant and requires speculation.  LBN's supervising attorney and designated representative pursuant to F.R.C.P. 30(b)(6) admitted that the LBN was required to follow the FDCPA here.  By definition of "debt" the FDCPA applies only to "debt" incurred primarily for personal family or household use.  Ex. 7, Reed depo at 41:2-4.  LBN admits in the petitions that CS-2008-408 and CS-2011-854 are lawsuits for the collection of "debts" owed to another.  LBN treated the "debts" as consumer "debts" by providing disclosures, informally called the "mini-Miranda," as required by the FDCPA.  Specifically, LBN included the following language in the Wagoner County debt collection cases:

> Unless you, within 30 days after receipt of this notice, dispute the validity of the debt, or any portion thereof, we will assume the debt to be valid. If you notify this law firm, Love, Beal & Nixon, P.C., In writing, within the 30 day period, that the debt, or any portion thereof, is disputed, our law firm, Love, Beal & Nixon, P.C., will obtain verification of the debt and mail a copy of the verification to you. Upon your written request within the 30 day period, our law firm, Love, Beal & Nixon, P.C., will also provide you with the name and address of the original creditor, if different from the current creditor. This is a communication from a debt collector. This communication is an attempt to collect a debt and any information obtained from this communication will be used for that purpose. Ex. 1.

LBN's client in Wagoner County case number CS-2008-408, Atlantic Credit & Finance, Inc., exclusively purchases distressed consumer debt for collection, and the debt it purchased and that LBN sought to collect was consumer debt.  Ex. 13.

Plaintiff specifically sought the original agreements for the underlying credit card debt as well as records of credit card activity in discovery of this matter. Ex. 12, Defendant's Responses to 1st Set of Discovery Requests at Responses to Requests 1 and 3. LBN objected to Request No. 1 because "Whatever documents Defendant received from Capital One, HSBC, or Atlantic Credit and Finance, Inc. in no way reference or refer to the Plaintiff and based on financial privacy of Melissa D. Estes (also known as Melissa Estes) are private and privileged, and should not be produced to the Plaintiff or her legal counsel." Ex. 12. Plaintiff moved to compel production. Docket 24. The Court denied this motion in part, excluding from production credit card activity and the cardholder agreements based on LBN's objection. Docket 32. Any lack of evidence was created by LBN's objection and refusal to provide underlying documents. Defendant should be estopped from now arguing the relevance of this information.

## IV. <u>ARGUMENT AND AUTHORITIES</u>

### A. Standard

> "We review the district court's grant of summary judgment de novo, applying the same standard as the district court." In doing so, "[w]e view the facts, and all reasonable inferences those facts support, in the light most favorable to the nonmoving party." Generally, summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "A fact is material if under the substantive law it is essential to the proper disposition of the claim."

*Hawkins v. Schwan's Home Service, Inc.* 2015 WL 690397 (10th Cir. 2015)( citations omitted).

The facts presented above demonstrate a dispute as to the material facts when considered in the light most favorable to the Plaintiff.

### B Defendant is not Entitled to Summary Judgment on Plaintiff's Claim for Violation of the FDCPA.

"The FDCPA is a strict liability statute and the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d

60, 63 (2nd Cir. 1993). "To prevail on a claim under the FDCPA, a plaintiff must prove that a 'debt collector['s]' effort to collect a 'debt' from a 'consumer' violated some provision of the FDCPA." *Maynard v. Cannon*, 401 Fed.Appx. 389, 393, (10th Cir. 2010). As discussed above, a court of competent jurisdiction has already entered a judgment stating that LBN is a debt collector and that it was collecting a debt. The remaining issues raised by LBN are whether a non debtor is entitled to the protection of the FDCPA, whether a prohibition of the FDCPA was violated, and whether LBN is entitled to the affirmative defense of bona fide error.

**1. Plaintiff and/or the Judgment Debtor are Consumers**

"Persons who do not owe money but are subject to improper practices by debt collectors are covered by the FDCPA." *Kerwin v. Remittance Assistance Corp.* 559 F.Supp.2d 1117, 1123 (D.Nev. 2008). "Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any ***person*** is liable to such ***person*** in an amount . . ." 15 U.S.C. § 1692k (emphasis added). The express language of the statute states that the collector is liable to any person and is not limited to consumers.

The Fourth Circuit has stated:

> The enforcement provision of the FDCPA imposes liability on any debt collector who fails to comply with the statute's provisions "with respect to *any* person." 15 U.S.C. § 1692k(a) (emphasis added). **Consequently, absent a limitation in the substantive provisions of the FDCPA, any aggrieved party, not just a debtor, may bring an action under the statute.**. . . .
> Furthermore, at least three of the FDCPA provisions relied on by Rawlinson contain *no* limitation as to who may invoke them. *See* 15 U.S.C. §§ 1692d, 1692e, 1692f. . . . .
> Although § 1692e does not explicitly apply to "any person," it broadly prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Reading this provision in conjunction with § 1692k(a), **courts have properly interpreted § 1692e to mean that "any aggrieved party" may bring an action under the provision.** Similarly, § 1692f states that debt collectors "may not use unfair or unconscionable means to collect or attempt to collect any debt." Consequently, as under § 1692e, **any person who has been harmed by an unfair or**

> **unconscionable debt collection practice has standing to bring a claim under § 1692f.**

*Rawlinson v. Law Office of William M. Rudow, LLC,* 460 Fed.Appx. 254, 257-258 (4th Cir. 2012)(emphasis added)(citations omitted). The Fourth Circuit cited with approval to *Montgomery v. Huntington Bank,* in which the Sixth Circuit held:

> Likewise, § 1692e states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. When read in conjunction with § 1692k(a),[FN3] this means that " *any aggrieved party* may bring an action under § 1692e." *Wright*, 22 F.3d at 649–50 (emphasis added). Accordingly, the Defendants are mistaken to suggest that Montgomery lacks standing to pursue his claims under §§ 1692d and 1692e. However, the Defendants are correct that he lacks standing under § 1692c, as he is not a consumer for purposes of the FDCPA.

*Montgomery v. Huntington Bank*, 346 F.3d 693, 697 (6th Cir. 2003)(emphasis in original).

Even if the Court interprets 15 U.S.C. §§ 1692e and 1692f, when read in conjunction with 15 U.S.C. § 1692k, to apply only to consumers and not "any person", Ms. Estes meets the definition of "consumer" provided in the statute. In its garnishments, LBN represented under oath that its judgment debtor was owed wages that were garnishable by its client. LBN was attempting to collect amounts owed its client from Plaintiff's employer. She is aggrieved.

"In enacting the FDCPA, Congress meant to ensure that 'every individual, whether or not he owes the debt, has a right to be treated in a reasonable or civil manner.' *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1178 (11th Cir.1985)." *Meadows v. Franklin Collection Service, Inc.* 414 Fed.Appx. 230, 233 (11th Cir. 2011). The Plaintiff, who did not owe the debt, was subjected to numerous calls by the Defendant debt collector. *Id.* at 233. The 11th Circuit rejected the debt collector's argument that the calls were not a violation of the FDCPA because the debtor did not speak to the debt collector and knew that the calls were not for her. *Id.* Unanswered calls directed to the phone number of a non-debtor constitute attempts to collect a

debt under the FDCPA. If the mere ringing of a phone is an attempt to collect a debt, the garnishment of a non-debtor's employer is an attempt to collect a debt under the FDCPA.

**2. Wronged by a Debt Collector**

LBN claims that the FDCPA does not apply as Plaintiff was not harmed by a debt collector. LBN admits that it is a "professional corporation engaged in the collection of debt within the State and in so doing uses the mail and telephone." Docket 42 at ¶ 2. It is a debt collector under the FDCPA. LBN also admitted to being a debt collector in the Wagoner County collection cases. There is no question that LBN is a debt collector. But for the false garnishment affidavit filed and served by LBN, neither Best Buy nor ADP would have withheld any portion of her paycheck to satisfy LBN's garnishment.

LBN relies on an unpublished case from the District of Utah, *Morgan v. N.A.R., Inc.*, 2008 WL 639128 (D. Utah 2008)[1], for its position that Plaintiff was not harmed by LBN's actions in serving a false garnishment affidavit. This case is inapposite as the debt collector in *Morgan* had notified the employer *prior to the employer withholding wages* that the judgment had been satisfied and therefore the debt collector had taken no action that resulted in the Plaintiff's wages being wrongfully withheld. *Id*. In the present matter, LBN served a garnishment affidavit containing a false verification that caused Plaintiff's wages to be withheld. It persisted in doing so despite being told in December that it had the wrong Melissa Estes. Its maintenance of the garnishment allowed wages owed her to withheld doe to the outstanding garnishments. LBN' choices caused the injury to Plaintiff. LBN is liable for the injury caused. LBN seeks to break the causal chain but the FDCPA provides no such defense. Instead, the standard is whether harm flows from an FDCPA violation. *Thomas v. Law Firm of Simpson &*

---

[1] The decision as cited by Defendant does not actually exist. Plaintiff believes that the correct citation is *Morgan v. N.A.R., Inc.*, No. 2:06-CV-470TS, 2008 WL 639128 (D. Utah 2008) and that the additional "3" was a scrivener's error.

*Cybak* 244 Fed.Appx. 741, 743 (7th Cir. 2007); 15 U.S.C. § 1692k(a)(1).

### 3. The Underlying Credit Was "Debt" Under the FDCPA

LBN argues that it is entitled to summary judgment because Plaintiff cannot provide proof that the underlying credit card debts were "debts" as defined by the FDCPA. This argument is unavailing for multiple reasons.

LBN was the attorney in the two underlying collection cases. As such, LBN possesses exclusive control of this information. Plaintiff has never had any information about the underlying debt.

Plaintiff sought underlying documents from LBN that would show the nature of the underlying debt. LBN objected that such documents were not relevant and refused to produce them. The card holder agreements and credit card activity were not produced despite Plaintiff's good faith efforts and the filing of a motion to compel. To allow LBN to object to producing these documents as not relevant and then grant its motion for summary judgment based on Plaintiff's inability to present evidence from the card holder agreements and credit card activity in LBN's possession would be a grave injustice and perversion of our legal system.

In *Corson v. Accounts Receivable Mgmt., Inc.*, 2013 WL 4047577 (D.N.J. 2013), the district court for New Jersey refused to dismiss a claim for failure of a non-debtor to allege the consumer nature of the debt stating "non-debtors cannot reasonably be expected to know the specific nature of a third-party's debt without the benefit of discovery." Here Plaintiff sought this very discovery and was denied access to this evidence by both LBN's objections and the Court's order.

LBN sued an individual and not a business or an individual doing business as some other entity to collect on credit cards. In both matters, LBN admitted that it was a "debt collector" and that the lawsuits were attempts to collect a "debt" and provided notices required by the FDCPA.

> As the Supreme Court has held, however, "[i]t is a 'fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.' " Therefore, when the FDCPA states that a debt collector is someone who engages in "the collection of any debts" and a consumer is a person obligated to "pay any debt," it is referring to "debt" as defined in the statute itself, i.e. one that is obtained for personal, family, or household purposes. Any other interpretation would not make sense in the context of the FDCPA's plain language and purpose. As such, the Court finds that when Defendant admitted that it was a "debt collector" and that Plaintiff was a "consumer" for purposes of the FDCPA, it admitted that the debt at issue in this case fell within the meaning of the statute as well.
>
> *Kimmel v. Cavalry Portfolio Services, LLC*, 2011 WL 3204841, 3 (E.D.Pa 2011).

LBN treated the debts as consumer debts under the FDCPA and provided what is frequently called the "mini-Miranda" disclosures required under the FDCPA in its Petition for Indebtedness. These disclosures are provided by debt collectors pursuant to the FDCPA, 15 U.S.C. § 1692e. See also, *Lee v. Cohen, McNeile & Pappas, P.C.*, 520 Fed. Appx. 649 (10th Cir. 2013)(identifying the disclosures required by § 1692e as the mini-Miranda.) LBN's inclusion of the mini-Miranda in its Petition supports an inference that the FDCPA applied to the underlying debt. Such inference prevents the entry of summary judgment.

The District Court of Wagoner County determined that the obligation owed to Capital One for which garnishment was issued upon Plaintiff was a debt created by a credit card issued to an individual and in an individual's name. This debt was to an individual on a credit card account and not to a business and LBN sued an individual and not a business to collect this debt. The individual nature of the judgment, petition, and debt supports an inference that the

underlying debt was for this individual's personal use. Such inference prevents summary judgment.

In a case with very similar facts, the Southern District of New York determined on summary judgment that the evidence supported a finding "that the debt was for personal, family or household purposes." *Bodur v. Palisades Collection, LLC* , 829 F.Supp.2d 246, 256 - 258 (S.D.N.Y. 2011)(see also, *McGown v. Silverman & Borenstein, PLLC*, 2014 WL 459793 (D. Del. 2014)(citing Bodur with approval in denying a motion to dismiss on similar facts); *Schools v. PMAB, LLC*, 2014 WL 6460613 (D. Md. 2014)(Same); . A similar finding is warranted here.

Finally, LBN's client and the plaintiff in Wagoner County Case CS-2008-408 admits publicly that it exclusively buys consumer debt for collection.

**4. LBN Violated the FDCPA**

a. Violation of 15 U.S.C. § 1692d – "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt." *Id.*

LBN argues that using a false affidavit to garnish wages or assets is not conduct the natural consequence of which is to harass, oppress or abuse a consumer. Plaintiff would argue that for most consumers living paycheck to paycheck, there are few things more oppressive or abusive than having a portion of your paycheck withheld. LBN relies on case law that is easily distinguishable from the present facts.

The cases relied on by LBN address contacting the wrong individual, sending a letter to the workplace of the debtor's mother address to the debtor's father, filing suit against the wrong person, and filing suit without the immediate means to prove the debt. *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 394 (D. Del. 1991); *Christy v. EOS CCA*, 905 F.Supp.2d

648, 654-55 (E.D. Penn. 2012); *Huy Thanh Vo v. Nelson & Kennard*, 931 F.Supp.2d 1080, 1094 (E.D. California 2013); *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330 (6th Cir. 2006). Not one of these cases involved a garnishment based on a false affidavit. The *Huy* Court specifically reasoned (1) that a suit against the correct person was a legal means to collect a debt and (2) that the failure to vacate the judgment after being notified the judgment was in error could be an abusive practice. *Huy*, 931 F.Supp.2d at 1094. Unlike *Huy*, the use of a false, deceptive or misleading statement in an affidavit to obtain a garnishment is not a lawful means to collect a debt but like *Huy*, LBN failed to cancel or otherwise withdraw the garnishment when notified by Plaintiff that it had the wrong person.

Contrary to LBN's assertion, the use of a false affidavit is not similar to filing an unverified pleading without all of the evidence to support the assertions in the petition in hand. Instead, LBN used a verified, under oath garnishment affidavit that it implicitly acknowledges to be false. The pertinent Oklahoma statute requires that LBN "verily believe" the garnishee owed money, such as wages, to the judgment debtor. 12 O.S. § 1172. The affidavit stated such without a good faith or honest belief. The use of such a statement to obtain a garnishment has the natural consequence of abusing or oppressing consumers.

In *Freeman v. ABC Legal Services, Inc*, 827 F.Supp.2d 1065, 1076 (N.D. Cal. 2011), the Court held that allegations of filing false affidavits regarding service of lawsuits were sufficient as violations of 15 U.S.C. §§ 1692d, 1692e, and 1692f. The present matter, filing a false affidavit in support of garnishment, is similar to *Freeman* and supports the same result.

b. Violation of 15 U.S.C. § 1692e – "A debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt." *Id.*

There is no debate that the affidavit in question was false, misleading or deceptive as LBN admits that it did not verily believe that the judgment debtor was employed at Best Buy but instead believed it was a potential employer.   LBN has also admitted that the garnishment, whether wages or assets, is an effort to collect a debt under the FDCPA.  Finally, there is no debate on whether or not the Plaintiff's earnings were withheld from her paycheck.

Rather than dispute that it filed and served a false affidavit, LBN seeks to avoid liability for its actions by stating that (1) LBN did not attempt to collect from Plaintiff, (2) Plaintiff was not deceived, (3) the false statement was not made to Plaintiff, and (4) it was Best Buy/ADP's fault that her wages were withheld.

The garnishment was directed to the wages of Melissa Estes as a verified employee of Best Buy, as LBN confirmed based on its web search.  Plaintiff is the only Melissa Estes employed at Best Buy and the garnishment was directed at her wages.  The garnishment resulted in Plaintiff's wages being withheld.

Estes need not prove she was deceived, the plain language of the statute contradicts this argument stating that collectors "may not use any false, deceptive or misleading representation." 15 U.S.C. § 1692e.  While she knew that the debt was not hers, she incurred detriment due to loss of time dealing with the garnishment and changed her behavior based on it.  In the case cited by LBN, the debt collector sent letters to the wrong person and the courts held that the consumer who received the letters was not deceived into changing their behavior based on the letters and suffered no consequences from the letters.   *Christy v. EOS CCA*, 905 F.Supp.2d 648, 654-56 (E.D. Penn. 2012).  Should this case merit any persuasion, it is distinguishable.  Estes changed her behavior spending time seeking to protect her wages.  LBN shifted the burden to her as it intended.

In a case brought by the FTC, the 10th Circuit upheld a judgment against the debt collector under 15 USC § 1692e for false statements made in garnishments to debtors employers. *FTC v. Loanpointe, LLC*, 525 Fed.Appx. 696 (10th Cir. 2013)(affirming judgment in *FTC v. Loanpointe, LLC*, 2011 WL 4348304 (D. Utah 2011)). Like the present matter, the false statements were not made directly to the consumers but were rather made to employers. This remains a violation of § 1692e.

This communication is similar to the service of complaint on a consumer. The service of a complaint with false, deceptive or misleading information is a violation of § 1692e and the service of the false garnishment affidavit on the Plaintiff is also such a violation. *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027 (9th Cir. 2010); see also, *Freeman v. ABC Legal Services, Inc*, 827 F.Supp.2d 1065, 1076 (N.D. Cal. 2011).

In a garnishment under Ohio law, the 6th Circuit determined that the affidavit in support of the garnishment and sent to the debtor's bank was truthful and therefore overturned the judgment of the district court. *Lee v. Javitch, Block & Rathbone, LLP*, 601 F.3d 654, 658-9 (6th Cir. 2010). Implied in the 6th Circuit's analysis of the truth or falsity of the affidavit as it relates to the requirements for such affidavits under Ohio law is the potential liability of the debt collector for a false garnishment affidavit provided to the consumer's bank and not directly to the consumer. For reasons previously addressed, the affidavit at issue in the present matter is admittedly false, misleading and deceptive under 12 O.S. § 1172 *et seq* and under these facts the 6th Circuit would have upheld the judgment against the debt collector.

Finally, the narrow reading of the express language of the statute requested by LBN, ignores the express language of the statute that simply requires "any false, deceptive or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §

1692e. This statute does not limit where the false representation is made. 15 U.S.C. § 1692k(a) then broadens the FDCPA by stating "with respect to any person is liable to such person."

c. Violation of 15 U.S.C. § 1692f – "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." *Id.*

In *Todd v. Collecto, Inc.*, 731 F.3d 734 (7th Cir. 2013), the 7th Circuit distinguished the facts before it from its own decision in *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938 (7th Cir. 2011). *Id.* at 737. The Todd Court held that 1692f is a protection to any person not just consumers mistreated by a debt collector. *Id.* at 737. It ultimately held that a person has standing to sue under § 1692f for their own injuries though he is not the consumer from whom the debt collector sought to collect. *Id* at 739. Finally, it held whether a specific act or practice is unfair or unconscionable is a question for the jury. *Id.*

LBN's own case law states that an act is "'unfair' [if it] is 'marked by injustice, partiality, or deception.' . . .[and] 'unconscionable' means 'having no conscience'; 'unscrupulous'; 'showing no regard for conscience'; 'affronting the sense of justice, decency, or reasonableness.'" Justice is affronted by officers of the Court routinely and blindly serving verified wage garnishments with no good faith basis for a verification. Allowing unlicensed debt collectors to substitute legal judgment by web surfing for similar names is neither decent nor responsible. LBN denies any error and sets forth a vigorous defense here so that it may continue this practice. LBN sees no shame in saving the $100 cost of obtaining a credit bureau report to establish verifiable employment of its true debtor.

**5. LBN Has Not Pled or Proven a Defense of Bona Fide Error**

Best Buy and/or ADP's conduct does not qualify for nor support a bona fide error defense and no other defense has been addressed by LBN. LBN bears the burden to prove its

affirmative defense of Bona Fide Error. The FDCPA states "[a] debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c).

"To qualify for the bona fide error defense, a debt collector must prove by a preponderance of the evidence that: (1) the violation was **unintentional**; (2) the violation was a result of a **bona fide error**; and (3) the debt collector **maintained procedures** reasonably adapted to avoid any such error." *Jerman v. Carlisle, McNellie, Rini, Kramer, & Ulrich, LPA.,* 538 F.3d 469, 476 (6th Cir. 2008).

First, LBN does not even allege to have made any error here. Ex.7, Reed depo at 42:19-24; Ex. 11, at Response to Interrogatory 7. Instead, the execution, filing, and service of a false garnishment affidavit was intended by LBN and conducted in conformance with its practices.

Second, LBN has no policies and procedures for verifying employment. Instead, the procedure is to surf the internet in search of possible employees with the same or similar names. LBN has no written policies and procedures related to garnishments. In upholding a Motion for Summary Judgment in favor of a consumer and against a collector under the FDCPA the Tenth Circuit said, "Bonneville employees testified there was no training or operational manual guiding their activities. Instead, employees who had previously done the same task worked with his or her replacement and provided instruction on the CUBS system." *Heard v. Bonneville Billing and Collections*, 216 F.3d 1087 (Table) (10th Cir. 2000). This is exactly how training is handled at LBN and it is done without written policies or procedures. Summary judgment is routinely denied when the debt collectors merely allege they had procedures, but fail to show the violation

was not intentional. *Worch*, 477 F.Supp. 2d 1015, 1020 (E.D. Mo. 2007)*; Dunaway v. JBC*, 2005 WL 1529574 (E.D. CT 2005) ("JBC has not offered any evidence to show that its debt collectors acted unintentionally… It is JBC's burden, however, to prove the elements of its defense.")

LBN acted intentionally and in accordance with its usual practices in proffering and serving garnishments with no true verification of employment. LBN has denied that it committed any error, bona fide or otherwise. LBN has admitted that it does not have procedures in place to prevent the filing of wrongful garnishments. LBN fails on all three elements to prove a bona fide error.

Instead of seeking summary judgment based on bona fide error for its own actions, LBN seeks the benefit of the bona fide error defense for errors it alleges Best Buy and/or ADP committed. LBN has provided no evidence that either of these entities is a debt collector. The FDCPA, and its statutory defense, only applies to debt collectors. *Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1187 (10th Cir. 2013). The bona fide error defense under the FDCPA does not apply to the conduct of a non-debt collector such as Best Buy or ADP.

## V. **CONCLUSION**

For these reasons, LBN's Motion for Summary Judgment should be denied.

WHEREFORE, Plaintiff respectfully requests that Defendant's Motion for Summary Judgment be denied. Respectfully submitted,

**HUMPHREYS WALLACE HUMPHREYS, P.C.**

By: _/s/ Paul Catalano_______________________

Robert David Humphreys, OBA #12346
Lucius James Wallace, OBA # 16070
Paul Catalano, OBA # 22097
9202 South Toledo Avenue
Tulsa, Oklahoma 74137
(918) 747-5300/ (918) 747-5311 facsimile

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of March 2015, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of the foregoing instrument to the following ECF registrants:

David A. Cheek
Emily B. Fagan
Cheek & Falcone, PLLC
6301 Waterford Blvd, Suite 320
Oklahoma City, OK 73118-1168
*Attorney for Defendant Love, Beal & Nixon, P.C.*

__/s/ Paul Catalano__